# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 11-

| | |
|---|---|
| **David Stebbins** ) | |
| **Appellant** ) | |
| ) | |
| v. ) | On Appeal from the United States |
| ) | District Court for the Western |
| **Randal Richardson and** ) | District of Missouri |
| **Reliable Heat & Air, LLC** ) | |
| **Appellees** ) | |
| ) | |

PETITION FOR LEAVE TO APPPEAL AN INTERLOCUTORY ORDER

Comes now Appellant David Stebbins, who hereby submits the following petition for leave to appeal the District Court's order denying confirmation of an arbitration award.

This court has jurisdiction over this subject-matter. See 9 U.S.C. § 16(a)(1)(D).

Per FRAP Rule 5(b)(1)(A), I hereby submit the following facts necessary to understand the questions:

1. On March 25, 2011, I filed a motion in District Court to confirm an arbitration award that was obtained, not via an actual arbitration award, but from a forfeit victory clause in the arbitration agreement that stated that, if the Defendants did not accept my arbitration invitation within 24 hours of receiving it, I automatically win, without even having to go to arbitraiton.

    A) The arbitration agreement was entered into when the Defendant's attorney, acting in the course and scope of his attorney relationship with the Defendant (thus vicariously binding the Defendant), trespassed into my apartment via telephone and trespassed into my email inbox by sending an unsolicited email which he was not entitled to send, notwithstanding my lack of consent.

RECEIVED

JUN 6 2011

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Appellate Case: 11-8013   Page: 1   Date Filed: 06/09/2011 Entry ID: 3795991

2. The Defendant never filed a motion to vacate.

3. The Defendant filed a suggestion in opposition, but it was untimely.

4. No explanation was given for the delay.

5. The Defendant asserted that there was no agreement to arbitrate.

6. The Defendant asserted that the acceptance method was impossible to avoid.

7. The Defendant asserted that my purpose was to extort money.

8. I subsequently asserted that

    A) The Defendant never filed a motion to vacate.

    B) His suggestion in opposition was untimely.

    C) His assertion that the acceptance method specified in my original motion to confirm the arbitration award was impossible for him to avoid was completely ludicrous.

    D) The Defendant held the burden of proof, not me.

9. The District Court ignored all of these pleas and, without giving any specific findings of fact or conclusions of law, just denied the motion, and all three of my subsequent motions for reconsideration.

In compliance with FRAP Rule 5(b)(1)(B), I hereby submit the following questions for review:

1. Must a court grant a motion to confirm an arbitration award unless a motion to vacate is present, even if the court is convinced on his own that a grounds for vacature listed in §10 exist?

2. Did the District Court abuse its discretion in allowing the Defendants' suggestion in opposition to be admitted, notwithstanding timeliness issues?

3. Who holds the burden of proof?

4. Was the acceptance method impossible to avoid?

5. Is my motive relevant?

6. Ultimately, did the District Court err in failing to confirm the award?

In compliance with FRAP Rule 5(b)(1)(C), I hereby request that the District Court's order denying confirmation of the arbitration award be reversed, and the case be remanded back to the District Court with instructions to enforce the award.

In compliance with FRAP Rule 5(b)(1)(D), I hereby submit the following statement for why the court should grant me permission to file this appeal. In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), the Supreme Court set out the grounds to decide whether or not an interlocutory appeal should be entered. They are...

1. the outcome of the case would be conclusively determined by the issue;
2. the matter appealed was collateral to the merits; and
3. the matter was effectively unreviewable if immediate appeal were not allowed.

Regarding the first criterion, if the District Court's order were reversed, that would bring an end to the employment discrimination litigation, on the grounds of res judicata and arbitration and award, both of which are valid affirmative defenses stated in Fed. R. Civ. P. Rule 8(c)(1).

Regarding the second criterion, courts faced with a motion to confirm an arbitration award are explicitly instructed to disregard the merits of the dispute being arbitrated. To adopt a contrary policy would amount to nothing more than general legal review of an arbitration award, which defeats the core purpose of arbitration being an expeditious alternative to litigation.

Regarding the third and final criterion, you need look no further than the landmark Supreme Court case of Southland Corp. v. Keating, 465 U.S. 1, 16 n.10 (1984), where they hold that "For us to delay review of a... judicial decision denying enforcement of a contract to arbitrate until the... litigation has run its course <u>would defeat the core purpose</u> of a contract to arbitrate." Areas of interest underlined for emphasis.

Furthermore, see Dominium Austin Partners, LLC v. Emerson, 248 F.3d 720, 729 n.9 (8th Cir. 2001), where this court has held that "the strong federal policy in favor of arbitration requires giving full effect to arbitration clauses, even where that might lead to piecemeal litigation." In other words,

the federal interest in enforcing arbitration agreements outweighs the interest in keeping a case in District Court until it's finished.

Because of both of these cases, I think you should set the precedent in the Eighth Circuit that an appeal taken under 9 U.S.C. § 16(a) is taken as a matter of right. The appellant must adhere to the procedure of filing an interlocutory appeal, yes, but beyond that, it would not be at the court's discretion whether or not permission to appeal should be granted. Failure to grant said permission would not be reviewed for abuse of discretion; it would be reviewed de novo, like any other non-discretionary error of law.

This is what caused so much of my confusion in the past. By setting this precedent, you can prevent a lot of similar confusion in the future.

Regarding FRAP Rule 5(b)(1)(E), I was previously informed that no appendices need to be attached if they are available on Pacer. Therefore, I will not attach any appendices.

Wherefore, premises considered, I respectfully pray that this petition for leave to appeal an interlocutory order be granted.

*David Stebbins*

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 11-

| | |
|---|---|
| **David Stebbins** ) | |
|     **Appellant** ) | |
| ) | |
| v. ) | **On Appeal from the United States** |
| ) | **District Court for the Western** |
| **Randal Richardson and** ) | **District of Missouri** |
| **Reliable Heat & Air, LLC** ) | |
|     **Appellees** ) | |
| ) | |

## CERTIFICATE OF SERVICE

I, Appellant David Stebbins, hereby certify that a true and correct copy of my for leave to appeal an interlocutory order was served on Gary Allman, Attorney for the Defense, by emailing a copy to garywallman@gmail.com on the 4th day of June, 2011.

                                                              *David Stebbins*
                                                          David Stebbins
                                                        1407 N Spring Rd,
                                                              APT #5
                                                      Harrison, AR 72601
                                                        870-204-6024
                                                stebbinsd@yahoo.com

Appellate Case: 11-8013    Page: 5    Date Filed: 06/09/2011 Entry ID: 3795991